Battle, J.
 

 An objection founded upon a reason which was not adverted to in the Court below, but which is insisted on in the argument here, is fatal to the plaintiff’s claim, at least in its present form. The action is debt, upon a promissory note, and as such, no promise, however explicit, is sufficient to'take it out of the operation of the statute of limitations.
 
 *34
 
 The case of
 
 Morrison
 
 v.
 
 Morrison,
 
 3 Dev. Rep. 402, which was an action of debt upon an unsealed engagement of the defendant’s intestate, to convey to the plaintiff a tract of land, is directly in point. That case was based upon the English one of
 
 A’Court
 
 v.
 
 Cross,
 
 11 Eng. Com. L. Rep. 124 ; and the principle has been recently recognised again in this Court, See
 
 Thompson
 
 v.
 
 Gilreath,
 
 3 Jones’ Rep. 493. The principle is, that the action of debt, being founded on the original contract, is barred by the statute, and then the replication that the defendant promised to pay within three years next before suing out the writ, is a departure in pleading, and, therefore, inadmissible, and of course no testimony can be allowed to support it. As the verdict was taken in the Court below, subject to the opinion of the presiding Judge, whether the evidence was sufficient in law to take the case out of the operation of the statute of limitations, and as we are of opinion that it was not, though for a reason not in the contemplation of the parties, we must reverse the judgment rendered for the plaintiff, and direct a judgment of non-suit to be entered here. It is not a proper case for allowing the amendment asked for by the plaintiffs counsel.
 
 Grist
 
 v.
 
 Hodges,
 
 3 Dev. Rep. 204 ;
 
 State
 
 v.
 
 Muse,
 
 4 Dev. and Bat. 322. Let the judgment be reversed and a judgment of nonsuit entered.
 

 Per CuRiAM. Judgment reversed.